UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:04CV-186-EHJ

GREGORY EHLERS                                                         PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                       DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on review of plaintiff Gregory Ehlers's objections to

Magistrate Judge King's Report and Recommendation that his Social Security application for

Disability Insurance Benefits be denied.  After conducting a de novo review of Mr. Ehlers' specific

written objections, the Court adopts the magistrate's recommendation and the Commissioner's

determination is affirmed.

Mr. Ehlers filed an application for Disability Insurance Benefits on February 13, 2003 (Tr.

48) alleging that he became disabled on September 21, 2002 as a result of osteoarthritis in his lower

back and knee, and gastroesophageal reflux disease (Tr. 75).  After a hearing on February 19, 2004,

Administrative Law Judge Gary Flenner ("ALJ") found that Mr. Ehlers suffers from degenerative

disc disease of the lumbar spine and degenerative arthritis of the left knee, impairments that are

severe but do not meed or medically equal listed impairments (Tr. 21).  The ALJ found that Mr.

Ehlers is unable to perform any of his past relevant work, but retains the residual functional capacity

to perform sedentary work activity (Tr. 27).  Mr. Ehlers appealed the adverse decision to the Appeals

Council, which found no basis for review.  Appeal to this Court followed.

This Court's review of the Commissioner's findings is limited to determining whether they

are supported by substantial evidence, 42 U.S.C. §405(g); Elam ex rel. Golay v. Commissioner, 348

F.3d 124, 125 (6th Cir. 2003) and whether the correct legal standards were applied, <u>Landsaw v. Secretary of HHS</u>, 803 F.2d 211, 213 (6th Cir. 1986).  Where the Commissioner's decision is supported by substantial evidence, the reviewing court must affirm, <u>Studaway v. Secretary of HHS</u>, 815 F.2d 1074, 1076 (6th Cir. 1987).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, <u>Kirk v. Secretary of HHS</u>, 667 F.2d 524 (6th Cir. 1981); <u>Jones v. Secretary</u>, 945 F.2d 1365 (6th Cir. 1991).

The substantiality of the evidence is to be determined based upon a review of the record taken as a whole, not simply some evidence, but rather the entirety of the record to include those portions that detract from its weight, <u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).  So long as the decision of the Commissioner is supported by substantial evidence, it must be upheld by the court even if the record might support a contrary conclusion, <u>Smith v. Secretary of HHS</u>, 893 F.2d 106, 108 (6th Cir. 1989).  The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the courts," <u>Mullen v. Bowen</u>, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).  It is within the parameters of the substantial evidence rule that this Court addresses and rejects plaintiff's objections which are summarized as follows: 1) the ALJ adopted functional limitations of Dr. St. Jacques, including a prohibition on stooping, which would mandate a finding of disabled under Social Security Ruling 96-9p; and 2) the functional limitations of treating physician Dr. Elliott should have been given controlling weight pursuant to the treating physician rule.

Plaintiff first argues that the functional limitations of treating orthopedist Dr. St. Jacques adopted by the ALJ would require a finding of disability under Social Security Ruling 96-9p.  He suggests that because of the functional limitation of no stooping imposed by Dr. St. Jacques, the

non-transferability of skills from his previous employment, and the limitation to performing unskilled sedentary work, SSR 96-9p would dictate a finding of disability.  SSR 96-9p instructs that "a complete inability to stoop would significantly erode the unskilled sedentary occupational base and a finding that the individual is disabled would usually apply . . . . Consultation with a vocational resource may be particularly useful for cases where the individual is limited to less than occasional stooping."  Contrary to plaintiff's assertion, SSR 96-9p does not dictate any result.  Furthermore, the vocational expert in this case provided specific testimony to this very issue, testifying that an individual under the restrictions such as those found by the ALJ in this case would be able to perform the jobs identified, including work as an order clerk, charge account clerk, administrative clerk, food and beverage clerk, and small parts assembler (Tr. 269-270).  Thus, SSR 96-9p was not violated, and a finding of disability is not required.  This Court finds that the vocational testimony in this case was sufficient, and the ALJ's findings in this regard comport with applicable law.

Plaintiff next argues that the functional opinions of treating physician Dr. Patricia Elliott should have been given controlling weight.  The rule on controlling weight applies when a "treating source" renders a "medical opinion" that is both well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. Social Security Ruling 96-2p; 20 C.F.R. §404.1527(d)(2); Bogle v. Sullivan, 998 F.2d 342, 347-348 (6th Cir. 1993).  Notably, all of the above factors must be satisfied in order for the treating source's opinion to be entitled to controlling weight.  Social Security Ruling 96-2p.

Dr. Elliott provided a Medical Assessment form in which she found that Mr. Ehlers is limited to standing, walking and sitting for no more than two hours in an eight hour work day, and for no more than 15 minutes at a time.  She indicated that he would need to lie down after 15 minutes of

sitting.  According to the vocational expert, these restrictions would preclude all full-time work (Tr. 267-268).  The ALJ did not give controlling weight to Dr. Elliott's assessment findings, stating:

> The undersigned finds the opinion of Dr. Elliott unsupported by her treatment notes.  The last treatment note of record from Dr. Elliott is dated December 3, 2002, which indicates the claimant had chronic sinusitis.  This was also the reason for his prior visit on November 11, 2002.  Other treatment notes indicate the claimant was treated for gastroesophageal reflux disease without any evidence of a physical examination or limitations.  On September 16, 2002, the treatment note of Dr. Elliott states the Claimant had full range of motion and negative straight leg raising.  (Tr. 24)

Clearly, the ALJ found the opinions expressed by Dr. Elliott to be lacking in support from her own treatment notes and findings.  Additionally, the ALJ found inconsistency between the physically restrictive Medical Assessment findings and the September 16, 2002 treatment note that indicates a full range of motion and negative straight leg raise.  Consistent with the holding in Wilson v. Commissioner, 378 F.3d 541, 545-546 (6th Cir. 2004), this Court finds that the ALJ set forth adequate explanations for the weight accorded to Dr. Elliott's opinions.

Though this Court may have analyzed the evidence differently to reach a contrary conclusion, it is bound to uphold the Commissioner in this case, Crum v. Sullivan, 921 F.2d 642, 644 (6th Cir. 1990).  The Report and Recommendation of the Magistrate are adopted, and the decision of the Commissioner is upheld.  A Judgment in conformity with this Memorandum Opinion has this day been entered.